## State of Vermont v. Thomas Olsen

[620 A.2d 1272]

No. 92-028

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 24, 1992

*Jeffrey L. Amestoy*, Attorney General, and *Jane Gomez*, Assistant Attorney General, Montpelier, for Plaintiff-Appellant.

*William A. Hunter*, Windsor, for Defendant-Appellee.

**Dooley, J.** The State of Vermont appeals from a trial court order suppressing evidence of marijuana possession obtained in a search of defendant's home. We reverse.

The facts are not in dispute. After defendant was arrested and charged with delivering marijuana to a confidential informant, members of the Southern Vermont Drug Task Force prepared the paperwork for a search warrant for defendant's home in Springfield. The Task Force officers, however, found that all of the judges usually available for consideration of warrant applications were attending a training conference in Chittenden County, including Judge Paul Hudson, who was then assigned to the judicial district in question. At the suggestion of Judge Hudson, who was in telephone contact with Officer Douglas Robinson, Robinson prepared a detailed affidavit and sent it and the warrant application by telefax to Officer Todd McCabe at the Essex Police Department. In turn, McCabe prepared his own affidavit, stating that he had probable cause to believe that defendant had committed the crime of possession of marijuana and that the Robinson affidavit was attached, which it was. The McCabe affidavit also stated that he had participated in the drug investigation detailed by Officer Robinson and that he had conducted the audio surveillance described in the Robinson affidavit. The McCabe affidavit was personally sworn to before Judge Hudson. Judge Hudson issued the warrant, and upon its execution the police uncovered marijuana in defendant's home.

After informations were filed, defendant moved to suppress, alleging numerous grounds not at issue here. The trial court reviewed the application process and ruled sua sponte that the warrant did not meet the requirements of V.R.Cr.P. 41(c) because the principal affiant had not appeared personally before

Judge Hudson.[1] As a result, the court concluded that the evidence should be suppressed. The trial court granted permission for the present interlocutory appeal pursuant to V.R.A.P. 5(b)(1).

Almost all of the arguments in this case center on whether suppression is the proper remedy for a technical violation of Criminal Rule 41 that does not involve constitutional rights of the defendant. If Officer Robinson had faxed his affidavit to Judge Hudson and the judge had issued the search warrant based on the faxed affidavit, we would have to reach that issue. In that case, the affidavit would not have been "sworn to by the affiant personally before a judicial officer," as required by Criminal Rule 41(c), and we would have to decide the consequences of that noncompliance.

This case is different. Here, Officer Robinson faxed his affidavit to Officer McCabe, who prepared his own affidavit. Officer McCabe was able to personally swear to his own affidavit before Judge Hudson and thus comply with Rule 41(c). The district court found a violation of Rule 41 because the "principal affiant" did not appear personally before Judge Hudson.

■ Contrary to the district court's conclusion, Rule 41(c) does not require that the "principal affiant" personally appear before the judicial officer. The rule requires that the warrant issue "only on an affidavit or affidavits sworn to by the affiant personally before a judicial officer and establishing the grounds for issuing the warrant." It goes on to say, however, that the

---

[1] V.R.Cr.P. 41(c) states:

(c) **Issuance and Contents.** A warrant shall issue only on an affidavit or affidavits sworn to by the affiant personally before a judicial officer and establishing the grounds for issuing the warrant. If the judicial officer is satisfied that there is probable cause to believe that grounds for the application exist, he shall issue a warrant identifying the property or other object of the search and naming or describing the person or place to be searched. The finding of probable cause shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is factual basis for the information furnished. Before ruling on a request for a warrant the judicial officer may examine under oath the affiant and any witnesses he may produce, provided that such proceeding shall be taken down by a court reporter or recording equipment and made part of the affidavit. . . .

court's finding of probable cause can be based on "hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is factual basis for the information furnished." Obviously, if the affidavit provided to the judicial officer conveys hearsay "in whole," the principal source of the information will not personally appear before the judicial officer.[2] To recognize by implication a principal affiant requirement in Rule 41(c) would make the rule internally inconsistent.

■ The real issue before the court was not whether the principal affiant appeared before Judge Hudson, but instead whether the McCabe affidavit was a sufficient basis for Judge Hudson to find probable cause. In addressing that issue, we must view the affidavit "in a common sense manner" and not subject it to "hypertechnical scrutiny." *State v. Ballou*, 148 Vt. 427, 434, 535 A.2d 1280, 1284 (1987). When Officer McCabe stated that he had probable cause to believe defendant had committed a crime and the only detail provided is the "attached" affidavit, a fair construction is that Officer McCabe based his conclusion on the information provided in Officer Robinson's affidavit. That construction is supported by Officer McCabe's own statement that he was present for only part of the investigation of defendant. Thus, the question before us reduces to whether the hearsay information in the Robinson affidavit meets the standards set out for the use of hearsay in Rule 41(c).

■■ Rule 41(c) sets forth a two-prong test for use of hearsay information. *Id.* Under the first prong, the judicial officer must find that a substantial basis exists for believing that the source of the hearsay is credible. The fact that Officer Robinson is named and is a law enforcement officer is sufficient for the

---

[2] One can argue from its wording that the rule allows one officer to convey information supplied by another officer as long as the information supplied by the other officer is not in an affidavit. This construction is irrational. If the rule allows one officer to state what another officer told him, it must allow one officer to transmit the affidavit of the other officer as long as the officer who appears before the judicial officer asserts that probable cause is present based on the information available to him, including the other affidavit. In the latter case, the evidence supporting the finding of probable cause is at least as reliable as in the former case.

judicial officer to find him "credible." As the United States Supreme Court has held, "[o]bservations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number." *United States v. Ventresca,* 380 U.S. 102, 111 (1965); see also 2 W. LaFave, Search and Seizure § 3.5(a), at 4 (2d ed. 1987) (after *Ventresca,* "lower courts have consistently held that another law enforcement officer is a reliable source and that consequently no special showing of reliability need be made as a part of the probable cause determination").

 Under the second prong, there must be a factual basis for the information provided. Therefore, the affidavit must contain sufficient detail "so that the judicial officer can perform an independent analysis of the facts and conclusions." *Ballou,* 148 Vt. at 434, 535 A.2d at 1284. It is undisputed that the detailed information supplied by Officer Robinson met this requirement. Thus, both prongs of the hearsay test are met in this case.

As further support for the conclusion we have reached, we note that cases decided under Federal Criminal Rule 41, upon which our rule is modeled, reach the same conclusion. Although the wording is somewhat different, the federal rule similarly requires the affiant to swear to the affidavit before the judicial officer who issues the warrant, except in the special case of warrants on oral testimony, which is not applicable here. See Fed. R. Crim. P. 41(c)(1) (warrant to be issued by "*the* federal magistrate or state judge" before whom the affidavit is sworn) (emphasis added).[3] The federal rule has been consistently interpreted as allowing one law enforcement officer to submit an affidavit that simply conveys information provided by another law enforcement officer participating in the same investi-

---

[3] In adapting the federal rule to our circumstances, we authorized the affidavit to be sworn to before "*a* judicial officer" (emphasis supplied), and this led to circumstances where the affiant swore before a different judicial officer than the one who issued the warrant. See Reporter's Notes to 1977 Amendment to V.R.Cr.P. 41(c). This Court concluded that we had intended that the affiant appear before the officer who issued the warrant and added the personal appearance requirement "to make clear the intent of the rule as originally promulgated." *Id.* Although the language is different, the 1977 amendment restored the substance of Vermont Criminal Rule 41(c) to that of the federal rule.

gation. See, e.g., *United States v. Griffin*, 827 F.2d 1108, 1111–12 (7th Cir. 1987); *United States v. May*, 819 F.2d 531, 536 (5th Cir. 1987).

■ In holding that the McCabe affidavit was sufficient to allow Judge Hudson to find probable cause, we recognize that multiple officer investigations and the occasional unavailability of judges will sometimes require the type of procedure that was used here. We do not endorse this practice in general, however, and find wisdom in the advice of the Fifth Circuit Court of Appeals:

> A police department does not enhance its ability to obtain warrants by consistently submitting affidavits signed by an officer possessing no personal knowledge of the facts to which he attests. When, as here, the officer-affiant states as fact only what he has learned from another officer's statement of what he has learned from yet two other informants, one of whom is not a police officer, the circuitous transmission of information obfuscates judicial consideration, and invites increased judicial scrutiny, of the affidavit. Police should, therefore, seek to provide magistrates with warrant applications from the law enforcement official most directly involved in the investigation and most familiar with the facts stated in the affidavit, rather than routinely reserving for one officer the task of collecting, signing, and presenting affidavits from various officers.
>
> Nonetheless, it is undisputed that officers may submit warrant applications containing hearsay, including, of course, information provided by other officers.

*Bennett v. City of Grand Prairie*, 883 F.2d 400, 407 (5th Cir. 1989) (footnote omitted). A judicial officer who receives an affidavit from an officer who has no independent knowledge of the facts is justified in refusing to issue the warrant without the direct source. If the judicial officer decides to accept the affidavit, however, we cannot reject the affidavit solely because the direct source fails to appear.

*Reversed and remanded.*